928 F.2d 1134
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ross WEBSTER, Jr., et al., Plaintiffs-Appellees,
Michael Friend, Plaintiff-Appellant,
v.
Dewey SOWDERS, et al., Defendants-Appellees.
 No. 90-5236.
 United States Court of Appeals, Sixth Circuit.
 March 26, 1991.
 
 On Appeal from the United States District Court for the Eastern District of Kentucky, 86-00012, Bertelsman, J.
 E.D.Ky.
 AFFIRMED.
 Before DAVID A. NELSON and SUHRHEINRICH, Circuit Judges, and RUBIN, District Judge.*
 PER CURIAM.
 
 
 1
 This is an appeal by a Kentucky prisoner, Michael Friend, who, acting pro se, challenges a district court order approving the settlement of a prisoner class action. Appellant Friend was a member of a class of 2800 Kentucky prisoners who sued various Kentucky officials alleging that (a) the presence of asbestos in prison dormitories at the Commonwealth's Northpoint Training Center and (b) the prison's use of inmate labor to remove asbestos-containing insulation constituted cruel and unusual punishment and deprived the plaintiffs of liberty without due process of law. After several years of litigation, the parties reached a settlement that was approved by the district court (Bertlesman, J.) after a hearing. Mr. Friend and fellow inmate Gary Parrott, who has been permitted to consolidate his appeal with Friend's, contend that the district court should not have approved the settlement. Finding no abuse of discretion, we shall affirm the district court's order.
 
 
 2
 * Settlement negotiations began in August of 1987. On March 3, 1989, after receiving the permission of a majority of the named plaintiffs, the parties submitted a proposed settlement to the district court. The proposed settlement granted the injunctive relief sought by the plaintiffs, but dismissed without prejudice a claim for damages. The settlement expressly preserved the plaintiffs' right to seek damages in separate actions, either individually or as a class.
 
 
 3
 On March 16, 1989, the district court gave the proposed settlement its preliminary approval and ordered that notice of the proposed settlement be mailed to all class members. The notice, which stated the terms of the settlement and informed class members of their right to object, was hand-delivered to all class members still incarcerated and was mailed to the last known address of those who had been released.
 
 
 4
 As of May 10, 1989, the date of the first hearing on the proposed settlement, the district court had received 156 objections. After that hearing the district court scheduled a second hearing for August 18, 1989, and extended the deadline for filing objections to June 30, 1989. Between May 10 and June 30 the district court received 56 more objections, bringing the total to 202. Prior to the second hearing the district court allowed counsel for the plaintiff class to deliver explanatory speeches at three Kentucky prisons.
 
 
 5
 The district court also allowed Messrs. Friend and Parrott, both of whom had objected to the proposed settlement, to attend the second hearing and present their objections orally. After the hearing Judge Bertelsman ordered the parties to respond to the objections and to clarify certain terms of the proposed settlement. The parties did so, and on January 5, 1990, the district court approved the settlement as modified. This appeal followed.
 
 II
 
 6
 The appropriate standard of review was set forth as follows in Stotts v. Memphis Fire Dept., 679 F.2d 541, 555 (6th Cir.1982), rev'd on other grounds, 467 U.S. 561 (1984):
 
 
 7
 "On appeal, the standard of review is abuse of discretion. Due deference will be given the trial court's greater familiarity with the strategy and the relative strengths of each litigant's case." (Citations omitted.)
 
 
 8
 Once the district court establishes that a proposed settlement is not tainted with collusion, the objector bears "a heavy burden of demonstrating that the decree is unreasonable." Williams v. Vukovich, 720 F.2d 909, 921 (6th Cir.1983).
 
 
 9
 A district court must follow three steps in approving settlements of class actions. First, the district court must determine that the settlement is the product of arms-length negotiations. Id. Second, the court must ensure that class members receive notice of the proposed settlement by the best means practical under the circumstances. Id. (citing Mulane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 315 (1950)). Third, the district court must hold a hearing to determine whether the proposed settlement is fair and reasonable. Id. Although Messrs. Friend and Parrott do not contend that the district court failed to follow these procedures, they argue that it reached the wrong conclusion at each step. We are not persuaded.
 
 
 10
 First, the district court properly determined that the proposed settlement was not tainted with collusion. Other than to make unsubstantiated allegations about secret sweetheart deals, the corrupting influence of attorneys' fees, and the district court's desire to clear its docket, the appellants have not shown that negotiations leading to the settlement were anything other than, in the words of the district court, "intense" and "arms-length."
 
 
 11
 Likewise, we find no merit to the appellants' assertion that the class did not receive adequate notice of the proposed settlement. Messrs. Friend and Parrott contend that the details of the plan for removing the asbestos were not available for their inspection and that counsel for the plaintiff class did not disclose information about the strength and weaknesses of the defendants' case, about concessions made, or about the defendants' readiness for trial. The record, however, shows that the details of the asbestos removal plan were available, and that neither of the objectors asked to see it. Moreover, the type of notice required by Mullane and Vukovich does not include a play-by-play summary of negotiations with the defendants.
 
 
 12
 Finally, we do not agree with the appellants' assertion that the district court abused its discretion in finding that the proposed settlement was fair and adequate. The substance of the appellants' objection is that the district court failed to recognize the strength of the damage claims and that the plan for informing class members of the dangers of asbestos exposure does not meet minimal standards. We find no reason to suppose that the district court acted under any substantial misconception as to the strength of the damage claims, and because the claims were dismissed without prejudice, every plaintiff remains free to seek damages as he sees fit. The district court's approval of the plan for detecting health problems and providing class members with information about the effects of asbestos exposure was not an abuse of discretion. The medical plan was formulated in accordance with the recommendations of the class's medical expert, and the appellants have not shown how the plan fails to meet any relevant standard.
 
 
 13
 AFFIRMED.
 
 
 
 *
 The Honorable Carl Rubin, United States District Judge for the Southern District of Ohio, sitting by designation